## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISRICT OF OHIO
## WESTERN DIVISION

|  |  |
|---|---|
| _____ | CHAPTER 13 |
| IN RE: | CASE NO: 13-30560 |
| Timothy Randolph | Judge Whipple |
| Andrea Guice |  |
| Debtors |  |
| _____ |  |
| Timothy Randolph | Adv. Proc. No: _____ |
| Andrea Guice |  |
| 2412 Cass Road |  |
| Toledo, OH  43614 |  |
| Plaintiffs |  |
| vs. |  |
| HSBC Bank USA |  |
| c/o: |  |
| Lerner, Sampson & Rothfuss |  |
| POB: 5480 |  |
| Cincinnati, OH 45201-5480 |  |
| Defendant |  |

<u>COMPLAINT TO AVOID PLAINTIFF'S RIGHT TO COLLECT
MORTGAGE PAYMENTS ON FIRST LIEN INCLUDING ANY SUCH
RIGHTS ASSIGNED OR SUBROGATED TO ANY THIRD-PARTIES</u>

**JURISDICTION:**

This court has subject matter jurisdiction over this adversary action which arises under title 11 of the United States Code, out of and is related to the above captioned Chapter 13 bankruptcy Case No: 13-30560.

Furthermore, jurisdiction is premised upon 28 U.S.C., sections 157 and 1334.

The causes of action set forth herein concern the determination, allowance and amount of claims pursuant to 11 U.S.C. sections 502, 547, 549, 550 and, and such, constitute a core proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. section 157(b)(2).

Now comes the Plaintiffs who bring this adversary proceeding pursuant to Fed. R. Bankr P. 7001 to disallow any claims of the Defendant, or their agents or assigns, pursuant to 11 U.S.C. section 502 to collect any mortgage payments on the first lien on the domicile of the Plaintiffs.

**NATURE OF THE CASE:**

This complaint seeks to avoid and recover from the above named Defendant, or from any other person(s) or entity for whose benefit payments are demanded, were demanded, or in the future, to be demanded regarding the first mortgage lien on the domicile of the Plaintiffs.

This complaint seeks to show that the Defendant entity or their assigns or agents or third party representatives are not entitled and have not been entitled to receive mortgage payments from the Plaintiffs due to the Defendant not be the proper party of interest, right or designation to receive any such mortgage payments.

This complaint seeks to indicate that the named Defendant is not legally entitled to demand from the Plaintiffs payments on the first mortgage on their realty/domicile and that such a right was irretrievably lost due to the statements and actions of the Defendant entity or their agents or assigns during the earlier Bankruptcies of the Plaintiffs in the years 2007 and 2008.

This complaint seeks to show that, in the alternative, the Defendant committed willful fraud when they knowingly and intentionally made false and untrue statements that indicate that they are not the proper party in interest to stand before this court and ask for and seek payments from the Plaintiff's regarding a first lien on their domicile.

**PARTIES:**

The Plaintiffs are residents of the State of Ohio, Lucas County, Ohio and are the rightful possessors of the realty known as 2412 Cass Road, Toledo, Ohio 43614 and are the current debtors in the Chapter 13 Plan case number: 13-30560 as filed in the Northern District of Ohio, Western Division.

The Debtor, HSBC Bank is a corporate entity doing business in The State of Ohio regarding financial services including the lending of credit or monies for purposes of parties obtaining mortgages on realty.

**CAUSES OF ACTION**

[1] That the Plaintiffs, jointly and severally, allege and aver that the Defendant, in their course of prior dealings regarding the financial obligations that the Plaintiffs had or have incurred regarding mortgage obligations with HSBC with their realty, have committed breaches of contract and acts of gross negligence and/or willful acts of fraud against the Plaintiffs.

[2] That said alleged acts of corporate misfeasance and malfeasance, averred against the Defendant commenced when the

Plaintiffs, did initially file a chapter 7 bankruptcy with a case number of 07-30486 in the Northern District of Ohio, Western Division.

[3] That the Plaintiffs, allege and avers that the Defendants in that case did not indicate or profess to own or have the rights to receive mortgage payments from the Plaintiffs but rather other corporate entity(ties) did come forth to wit: Fremont Investment & Loan, and indicated their superior rights to receive said monthly mortgage payments from the Plaintiffs.

[4] That during the earlier course of the prior bankruptcy histories of the Plaintiffs, the Plaintiffs did rebut the now later claims of the Defendant as being the real parties in interest and did deny that the Defendant was the rightful party to receive any mortgage payments from them.

## COUNT OF FRAUD:

[1] That the Plaintiffs incorporate the above allegations herein as if fully rewritten and go on to further allege and aver:

[2] That the Plaintiff, HSBC, did engage in acts of fraud when they purposely allowed needed and necessary mortgage papers to be wrongfully signed by other parties, under their control, management or supervision and which parties had no right to sign such mortgage papers and which papers did purportedly obligate the

Plaintiffs to pay mortgage payments to HSBC and or their assigns including Wells Fargo Bank, servicing agent, who knew of or should have known of the allegedly fraudulent acts in their capacity as an agent or assign or third party in interest doing the bidding of HSBC.

[3] That the Plaintiffs believe that fraudulent documents were manufactured and placed among the papers that obligated the Plaintiffs to pay on a mortgage note to HSBC or their assigns and agents including Wells Fargo Bank.

[4] That the Plaintiffs did protest to the Defendant the existence of said fraudulent documents and include in their protest that the existence of any fraudulent acts do not exonerate the Defendants or their agents or assigns from avoiding liability and Thus HSBC not be able to proffer legal arguments of res judicata or issue preclusion or collateral estoppel since acts of fraud are not covered by such affirmative defenses.

[5] That these acts of fraudulent behavior by the Defendants and their agents or assigns commenced in the year of 2007 and forward; and the Plaintiffs contend that acts of any fraudulent behavior vitiates any defenses that the Defendants are alleging or raising regarding their superior rights to receive mortgage payments from the Plaintiffs or in the alternative, to foreclose on said realty due to their acts of fraud.

[6] That all times material herein, the Plaintiffs did and were in compliance with all needed and necessary acts as protecting their rights to maintain their homestead including following established procedures to protect their homestead from being foreclosed upon by the Defendant and/or their agents or assigns.

WHEREFORE, the Plaintiffs pray for the following relief:

1/ That HSBC is not the proper party in interest to prosecute any act of foreclosure against the Plaintiffs.

2/ That HSBC and their agents or assigns are prohibited from maintaining any rights of collection of any monies from or against the Plaintiffs regarding the mortgage and note that is a purported first and/or second lien on the realty located at 2412 Cass Road, Toledo, Ohio.

3/ That the wrongful acts of HSBC against the Plaintiffs and which acts are in derogation of federal law and bankruptcy law and such acts were fraudulent in nature and kind and deprived the Plaintiffs of bankruptcy law protection to which they are entitled.

4/ That the Plaintiffs did suffer compensatory damages in an amount in excess of $200,000.00.

5/ That due to the willful nature of the compounded acts of fraud committed against the Plaintiffs by the Defendant the Plaintiffs are entitled to damages in excess of two million dollars

and all costs and fees of this action.

6/ That the Defendant and their agents or assigns, are prohibited from attempting any legal act by which to collect any payments from the Plaintiffs or their bankruptcy estate(s) as it pertains to the note and mortgage affecting the realty in question or the individually named Plaintiffs.

7/ Any other relief sounding in law or equity.

8/ Nothing further.

Respectfully submitted,

/s/ Lafe Tolliver, Attorney_____
Lafe Tolliver
Counsel for the Plaintiffs/Debtors
316 North Michigan Street #514
Toledo, OH  43604
Fax: 419-249-2710
419-249-2703
Tolliver@Juno.com